Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer RRP | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4329 | **DATE** | 11/12/2010 |
| **CASE TITLE** | Scott Bruske vs. Midwest Muscle Cars, Inc. | | |

**DOCKET ENTRY TEXT**

Written Opinion. Jacobs's motion to dismiss [83] is granted without prejudice. Shogren's motion to dismiss [95] is denied. Ruling set for 11/15/2010 is stricken. Defendant Shogren is directed to file his answer on or before 12/3/2010. Parties are directed to appear for status conference on 12/8/2010 at 9:00 a.m. to set trial date. (For further details see minute order.)

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, an Arizona resident, purchased a 1970 Chevrolet El Camino on November 2, 2007, relying on representations made by Defendant Midwest Muscle Cars, Inc., to the effect that the car had its original "512 block" motor. As Plaintiff later discovered, however, the engine is not in fact original; the car's bench seats had been removed and replaced with buckets; and the original steering column, rear axle/differential, floor section, and frame are not original. In a Third Amended Complaint, Plaintiff alleges that MMC and its owner, Matt Renz, as well as Scott Shogren and John Jacobs, the vehicle's prior owners, are guilty of violation of the Illinois Consumer Fraud Act (Count I) and common law fraud (Count II). In an earlier order, the court denied MMC's motion to dismiss these allegations [70]. The court now addresses motions to dismiss filed by Shogren and Jacobs.

In support of his motion to dismiss, Jacobs observes that there is no allegation that he himself ever met with Plaintiff or made any representations to him. Moreover, Jacobs notes that Plaintiff has attached to his Third Amended Complaint a copy of a letter in which Shogren claims that he (not Jacobs) sold the car in 2007. Shogren's motion, similarly, observes that Plaintiff has not alleged that there were any communications between Plaintiff and Shogren. Instead, Plaintiff has simply alleged "upon information and belief" that MMC was acting as Shogren's agent in connection with the sale of the El Camino.

In reviewing a motion to dismiss, the court will not ordinarily consider materials going beyond the allegations of the complaint. In this case, however, all parties have made reference to the documents attached to Plaintiff's Third Amended Complaint. Those documents include a printed description of the vehicle, including the allegedly false representations concerning the original equipment (Exhibit B); the bill of sale for the vehicle, signed by John Jacobs as "seller" (Exhibit A-1); e-mail correspondence between Plaintiff and "Tom" at MMC (Exhibit D); a wire transfer request by an individual named John Ross (Exhibit E); and a letter from Defendant Shogren to Plaintiff's attorney in which Shogren asserts that Shogren "sold the car to Matt Renz at Midwest Muscle Cars, Inc. in 2007." (Exhibit F.)

Defendants are correct that none of these materials show any direct communication between Plaintiff

| STATEMENT |
|---|

and either Shogren or Jacobs. Although Jacobs offers no explanation for having signed the bill of sale, that fact alone does not satisfy the court that Jacobs was involved in or can be held accountable for misrepresentations made by MMC and its agents. (The court notes that Plaintiff has offered no explanation of John Ross's involvement in funding the purchase.) Jacobs's motion to dismiss [83] is granted. Claims against Jacobs are dismissed without prejudice to reinstatement, should discovery reveal that MMC's representations can fairly be attributed to him.

Shogren urges that Plaintiff's allegations show that MMC acted as an independent contractor in connection with the sale. As Shogren himself acknowledges, however, under Illinois law, an independent contractor may also be an agent, and the acts of an agent are binding on the principal. (Shogren Reply Memorandum [95], at 2, citing *Horwitz v. Holabird & Root*, 212 Ill.2d 1, 13, 816 N.E.2d 272, 279 (2004).) As noted, Shogren asserted he "sold" the car to MMC in 2007, but MMC has argued that it acted as consignee for Shogren. The e-mail correspondence between MMC and Plaintiff is consistent with that assertion, and inconsistent with Shogren's claim that he sold the car to MMC. In a November 3, 2007 message, for example, Tom at MMC reports to Plaintiff that "*The owner* is getting upset about hearing complaints on the car: . . *The guy who owns* the El Camino is a good customer with about 25 cars stored with us . . . ." And Plaintiff has attached, in opposition to Shogren's motion to dismiss, a four-page memo from Shogren to MMC dated October 13, 2007, in which Shogren assures MMC that he has "all titles and documentations" for several cars and sets out lengthy detailed instructions for marketing his vehicles.

Notably, those detailed instructions do not appear to include any of the specific misrepresentations that Plaintiff complains of in this lawsuit. And MMC has not attempted to assert a cross claim against Shogren or otherwise implicate him as the source of any false statements. At this stage, however, the court is satisfied that Plaintiff's allegations are sufficient to state a claim, plausible on its face, that MMC acted as Shogren's agent in making false statements about the El Camino. Shogren's motion to dismiss [95] is denied.

*[signature: Rebecca R. Pallmeyer]*